# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:21-cr-194 (PAM/KMM) |
| Plaintiff, | **ORDER** |
| v. | |
| Brandon Xavier Coyour, | |
| Defendant. | |

This matter is before the Court on the parties' non-dispositive motions for discovery, disclosure, and other similar relief. The parties notified the Court that there are no ongoing discovery disputes and that a hearing on these motions was not required. [ECF No. 26]. Accordingly, based on the parties written submissions, the Court enters the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 [ECF No. 13]**

Pursuant to several Rules of Criminal Procedure, the government seeks discovery and disclosure from Mr. Coyour. The government seeks discovery regarding documents and tangible objects; reports of examinations and tests; expert testimony; any alibi defense; any insanity defense or defense based on mental illness; any claim of public authority; and witness statements. The government's motion is **GRANTED** to the extent that Mr. Coyour shall provide discovery as required by the applicable Rules of Criminal Procedure. Expert disclosures shall be made in accordance with Paragraph 6 of this Order.

2. **Mr. Coyour's Motion for Disclosure of 404(b) Evidence [ECF No. 18]**

Mr. Coyour moves the Court for an Order directing the government to immediately disclose any evidence of other "bad acts" or "similar course of conduct" evidence it intends to offer at trial through Federal Rule of Evidence 404(b). The government does not object to making disclosures required by Rule 404(b), but asserts that it has no duty to disclose such evidence immediately. Mr. Coyour's motion is **GRANTED** insofar as it seeks the government's 404(b) disclosures generally, and **DENIED** insofar as it seeks such disclosures immediately. The government shall make the disclosures required by Federal Rule of Evidence 404(b) at least **three weeks prior to trial**.

### 3. Mr. Coyour's Motion to Compel Evidence Favorable to the Defendant [ECF No. 19]

Mr. Coyour moves for disclosure of evidence in the government's possession that is favorable to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United states*, 405 U.S. 150 (1972) and their progeny, as well as by *Kyles v. Whitley*, 514 U.S. 419 (1995). The government does not oppose the motion to the extent that it seeks evidence within the scope of that which the government is required to disclose by law. Mr. Coyour's motion is **GRANTED**.

### 4. Mr. Coyour's Motion for Discovery and Inspection [ECF No. 20]

Pursuant to Federal Rule of Criminal Procedure 16, Mr. Coyour seeks discovery and disclosure from the government. Mr. Coyour seeks discovery regarding written or recorded statements from himself, his prior criminal record, documents and tangible objects, reports of examinations and tests, and expert evidence. The government indicates that it has and will continue to meet its disclosure obligations under Rule 16. Mr. Coyour's motion is **GRANTED** to the extent that the government shall provide discovery as required by Rule 16.

### 5. Mr. Coyour's Motion for Early Release of Jencks Act Material [ECF No. 21]

Mr. Coyour seeks early disclosure of information covered by the Jencks Act, 18 U.S.C. § 3500. The Jencks Act provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Because the Jencks Act does not allow for early discovery of statements, Mr. Coyour's motion is **DENIED**. However, nothing in this Order prevents the government from disclosing witness statements prior to the testimony given at trial. Indeed, the government has represented that it has already provided Jencks Act material to Mr. Coyour and will timely disclose any additional material it comes to possess in the future. The Court appreciates the government's actions in this regard.

### 6. Mr. Coyour's Motion for Discovery of Forensic Testing and Expert Evidence Under Rule 16 [ECF No. 22]

Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(a)(1)(F), Mr. Coyour seeks immediate discovery of any expert evidence, as well as immediate disclosure of reports of examinations and tests—to include an array of specific material—that the government intends to use at trial. The government does not object to Mr. Coyour's motion and indicates that the parties have agreed that the government will produce the results of examinations and related materials as soon as they are in the government's possession, and that it will work with defense counsel to produce any other materials supporting the examinations. However, the government requests that expert witness disclosures for both parties be made 30 days prior to trial, and that any rebuttal expert disclosures be made ten days prior trial. Mr. Coyour's motion for disclosure is **GRANTED**.

With respect to expert disclosures, the government shall make any expert disclosures at least **four weeks prior to trial**. Mr. Coyour shall make any expert

disclosures at least **three weeks prior to trial**. Any rebuttal expert disclosures shall be made at least **ten days prior to trial.**

    **IT IS SO ORDERED**.


Date: December 1, 2021

                                                              *s/Katherine Menendez*
                                                               Katherine Menendez
                                                               United States Magistrate Judge